IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Michael A. Scott**<br>**6 Bluebird Lane**<br>**Essex, Maryland 21221** | * <br> <br> * | |
| *On behalf of himself and*<br>*others similarly situated* | * <br> <br> * | |
| **Plaintiff** | * | |
| v. | * | Case No. _____<br>**JURY TRIAL REQUESTED** |
| **Baltimore County, Maryland**<br>**400 Washington Avenue**<br>**Towson, Maryland 21204** | * <br> <br> * | |
| **Defendant** | * <br> * / | |

**COLLECTIVE ACTION COMPLAINT UNDER THE**
**FAIR LABOR STANDARDS ACT AND CLASS ACTION COMPLAINT**

Plaintiff Michael A. Scott ("Scott"), on behalf of himself and others similarly situated, and through undersigned counsel, states a collective action complaint against Defendant Baltimore County pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and Plaintiff further states a putative class action against Defendant alleging supplemental state law claims under the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and demands a jury trial, as follows:

**Introduction**

1. This is a collective action for unpaid wages, damages, and relief provided by the FLSA, 29 U.S.C. §§ 201 *et seq*., and a putative class action for unpaid minimum wages

1

and overtime brought pursuant to Rule 23 of the Federal Rule of Civil Procedure, Maryland Wage and Hour Law, Md. Ann. Code LE art. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., LE art. 3-501 *et seq.* ("MWPCL"). Plaintiff brings this action on behalf of himself and all similarly situated hourly employees who worked as work detail employees at the Baltimore County Department of Public Works' recycling facility in Cockeysville, Maryland.

2. Plaintiff seeks on behalf of himself and others similarly situated, in addition to the actual sums owed in unpaid statutory minimum wages and overtime compensation, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant does business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

6. Defendant Baltimore County, at all relevant times, continuously has been a county government and a political subdivision of the State of Maryland. The Baltimore County Department of Corrections (hereinafter "DOC") and Baltimore County Department of

Public Works, Bureau of Solid Waste (hereinafter "DPW") are departments within said county government.

7. In 1974, Congress extended the coverage of the FLSA to most federal, state, and local government employees. Section 3(s)(1)(C) of the FLSA covers all public agency employees of a State, a political subdivision of a State, or an interstate governmental agency. 29 U.S.C. § 203(s)(1)(C).

8. Accordingly, subject matter jurisdiction exists because Defendant Baltimore County is an entity covered under the FLSA. Defendant also satisfies the coverage provisions of the MWHL. As a covered enterprise, Defendant has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

9. Plaintiff Scott was incarcerated in the Baltimore County Detention Center (the "Detention Center") from on or about December 5, 2019 to March 12, 2020. The DOC, at all material times, has supplied work release labor to staff in part the recycling program operated by DPW at its Materials Recovery Facility ("MRF") in Cockeysville, Maryland.

10. Throughout his incarceration, Plaintiff Scott, and similarly situated employees, were employed as work detail employees by the Baltimore County DPW in its recycling program at the MRF, which is about a half hour away via motor vehicle from the Detention Center. This work was performed during the relevant statute of limitations period (last three years).

11. Upon information and belief, there generally were about twenty (20) work detail employees working at DPW's MRF at any one time.

12. Due to the high level of turnover among work release employees, on information and belief, there are hundreds of current and/or former work release employees who

worked in the recycling program at the MRF during the last three years, and who have not received minimum wages and/or overtime wages at the proper rate.

13. Defendant Baltimore County paid Plaintiff and other similarly situated work detail employees Twenty Dollars ($20.00) per day for working in the recycling program at the MRF.

14. As set forth below, Plaintiff seeks unpaid minimum wages and unpaid overtime wages, in amounts to be determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

15. Plaintiff and other similarly situated employees were not exempt under the overtime requirements of the FLSA and MWHL.

16. By failing to pay the statutory minimum wage that was due to Plaintiff and other similarly situated work detail employees in DPW's recycling program for all hours worked, Defendant violated the minimum wage provisions of the FLSA and MWHL.

17. Additionally, by failing to pay overtime to Plaintiff and similarly situated work detail employees in the DPW's recycling program, Defendant willfully violated clear and well-established overtime provisions under the FLSA and MWHL.

18. In addition to actual sums owed, Plaintiff seeks, on behalf of himself and other employees similarly situated, liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the minimum wages and overtime owed under the MWHL pursuant to the statutory damage provisions of the MWHL and MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

## General Allegations

19.     Plaintiff was employed by the Defendant at DPW's recycling facility throughout the time he was incarcerated at the Detention Center from on or about December 5, 2019 to March 12, 2020.  Plaintiff voluntarily chose to work at the MRF in part because he had prior experience working in salvage and recycling operations.  Plaintiff's labor and that of others similarly situated work detail employees was productive work which had a consequential economic benefit to Defendant.

20.     DPW's recycling program at the MRF includes 86 conveyor belts, 6 sorting screens, 3 optical sorters, 2 bailers and various workstations.  There are different workstations for cardboard, glass, metals, containers, paper and plastic recycling.  On information and belief, DPW sells these recycled products in interstate commerce for substantial net revenue.  From November 2013 when the MRF opened into November 2016, 156,000 tons of recyclables were sold from the MRF, generating gross revenue of $20.1 million and avoiding $9.9 million in trash disposal costs.  On information and belief, the MRF generated profits from its operations in 2018 and 2019.  In FY 2019 the revenue from recycled materials was $4.4 million.

21.     Plaintiff performed manual work at the MRF and was non-exempt from the minimum wage and overtime provisions of the FLSA and MWHL.

22.     For the entire time that Plaintiff worked in the recycling program at the MRF, DOC supplied work detail labor to staff DPW's recycling work facility in Cockeysville, Maryland.  On information and belief, DPW supervised and controlled the work detail employees' work schedules and working conditions.  DPW supervisory personnel also had the power to dismiss work detail employees.

23.     Upon information and belief, there generally are about twenty (20) work release employees working in the recycling program at the MRF at any one time.

24.     For the entire time that Plaintiff worked in the recycling program at the MRF, DPW also used temporary employees from a private sector temporary placement agency to perform the exact same work.

25.     On information and belief, Defendant regularly employed from 13 to 19 temporary placement workers from private sector agencies who worked in the recycling program at any one time.

26.     Unlike Plaintiff and similarly situated work release employees, the temporary placement workers from private sector agencies who worked in DPW's recycling program, on information and belief, all were paid statutory minimum wages and overtime required by the FLSA and MWHL.

27.     Plaintiff generally worked five days a week, Monday through Friday. Plaintiff and similarly situated work release employees were scheduled to work from 6:00 AM to 4:00 PM, including a thirty (30) minute lunch break.

28.     Based on their normal weekly schedule, Plaintiff and other similarly situated work release employees generally worked at least 57.5 hours each week, excluding lunch breaks.

29.     Plaintiff was paid $20.00 per day by the DPW. DPW never paid Plaintiff overtime compensation for statutory workweeks in which he worked more than forty (40) hours per week. Other work release employees worked at similar rates of pay to Plaintiff (*i.e.*, $20.00 per day). They also were never paid any overtime compensation for statutory workweeks in which they worked more than forty (40) hours per week. The substandard minimum wages paid to Plaintiff and similarly situated work release employees and the absence of

any overtime pay paid to Plaintiff and similarly situated work release employees for the numerous overtime hours they worked gave Defendant an unfair competitive advantage in the marketing and sale of recyclable materials.

30. Defendant violated the FLSA and MWHL by failing to pay Plaintiff, and other similarly situated employees, overtime pay in proper amounts when they worked more than 40 hours in a statutory workweek.

## Class Allegations

31. Plaintiff seeks to represent two distinct classes: (A) two FLSA classes (Counts I and II); and (B) two Maryland classes (Counts III and IV).

      A. The FLSA Unpaid Wage Class (Counts I) consists of all work release employees who performed any work at DPW's recycling facility in Cockeysville, Maryland at any time during the period beginning three years from the date of commencement of this lawsuit through the date of class certification, and who were not compensated for all hours worked as required under 29 U.S.C. § 206 (the "FLSA Unpaid Wage Class");

      B. The FLSA Overtime Class (Count II) consists of all work release employees who performed any work at DPW's recycling facility in Cockeysville, Maryland at any time during the period beginning three years from the date of commencement of this lawsuit through the date of class certification, and who worked in excess of forty (40) hours per week (the "FLSA Overtime Class");

      C. The Maryland Unpaid Wage Class (Count III) consists of all work release employees who performed any work at DPW's recycling facility in Cockeysville, Maryland at any time during the period beginning three years from

the date of commencement of this lawsuit through the date of class certification, and who were not compensated for all hours worked as required under Md. Ann. Code LE Art. § 3-502(a)(ii) and 3-505(a) (payment of wages) (the "Maryland Unpaid Wages Class").

D. The Maryland Overtime Class (Count IV) consists of all work release employees who performed any work at DPW's recycling facility in Cockeysville, Maryland at any time during the period beginning three years from the date of commencement of this lawsuit through the date of class certification, and who worked in excess of forty (40) hours per week (the "Maryland Overtime Class");

E. Excluded from the FLSA Unpaid Wage Class, the FLSA Overtime Class, the Maryland Unpaid Wages Class, and the Maryland Overtime Class are bona fide owners, officers, managers and directors of Defendant.

32. There are questions of fact and law common to all classes ("opt-in" and Rule 23 opt-out), including but are not limited to:

A. Whether Defendant violated the FLSA, 29 U.S.C. § 206, and the MWHL, Md. LE Art. § 3-413, by failing to pay proposed Class Members the statutory minimum wage for all hours worked.

B. Whether Defendant failed to properly pay overtime to proposed Class Members when they worked more than forty (40) hours in a statutory workweek;

C. Whether Defendant violated MWHL, Md. Ann Code LE art. § 3-415, by requiring proposed Class Members who worked in excess of forty (40)

hours per week to work overtime without proper payment;

   D. Whether there is a genuine bona fide dispute as to the unpaid wages claimed by the proposed Class Members, thus rendering Defendant liable to Plaintiff and the proposed Class Members for statutory damages under the MWPCL, Md. Ann Code LE art. § 3-501 et seq., and if there is a lack of a bona fide dispute, whether Plaintiffs and proposed Class Members are entitled to receive statutory enhancements in addition to unpaid wages.

33. The claims of Plaintiff are typical of the classes he seeks to represent. Moreover, the questions of fact and law common to Class Members predominate over any questions affecting only individual members, as all Class Members are current or former work release employees who were not properly paid regular hourly and overtime wages. Individual issues will relate solely to the quantum of relief due to the individual Class Members. Upon information and belief, Plaintiff avers that the potential Class Members number at least two hundred persons. The proposed classes are easily ascertainable as the number and identities of the Class Members are readily determinable from employee and payroll records that the Defendant maintains.

34. Plaintiff will fairly and adequately protect the interests of the proposed Classes. The interests of the named Plaintiff are consistent with, and not antagonistic to, those of the proposed Classes.

35. The named Plaintiff is represented by competent counsel who are experienced in complex FLSA litigation. Two counsel are licensed to practice in Maryland and have been admitted to practice before the U.S. District Court of the District of Maryland. The third counsel, licensed to practice in Pennsylvania, previously has served as co-counsel in

complex FLSA litigation in the U.S. District Court of the District of Maryland with the other two Maryland counsel.

36. A hybrid class/collective action is superior to other available methods for the fair and efficient adjudication of this controversy and is consistent with the legislative history of the FLSA. Class action treatment will permit a large number of similarly situated persons to receive notice and prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that individual actions engender.

37. Maintenance of this action as a hybrid class/collective action will promote the equitable administration of justice because pursuing claims on an individual basis would be disproportionately expensive.

38. The prosecution of separate claims by individual Class Members would create a risk of inconsistent or varying adjudications with respect to the individual members of the putative Classes which would establish incompatible standards of conduct for Defendant.

## Causes of Action

### COUNT I
### (FLSA – Willful Failure to Pay Minimum Wage)

39. Plaintiff incorporates paragraphs 1-38 as set forth above, and states that Defendant's actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendant at all material times failed to pay Plaintiff, and other similarly situated work release employees, the proper minimum wage rate, free and clear of deductions and in a timely manner, by refusing and failing to pay the statutory minimum wage for all hours worked, and otherwise failing to comply with the requirements of 29 U.S.C. § 206.

40. As a result, Plaintiff and other similarly situated work release employees who opt into this lawsuit have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

## COUNT II
### (FLSA – Failure to Properly Pay Overtime)

41. Plaintiff incorporates paragraphs 1-40 as set forth above, and state that Defendant's actions complained of herein constitute a willful violation of 29 U.S.C. § 207 (overtime), because Defendant at all material times failed to pay Plaintiff and other similarly situated work release employees who opt into this lawsuit, an overtime wage of 1 ½ times the applicable minimum wage, for certain statutory work weeks, and as a result, Plaintiff and other similarly situated work release employees did not receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

## COUNT III
### (MWHL - Failure to Pay Minimum Wage)

42. Plaintiff incorporates paragraphs 1-41 as set forth above, and states on behalf of himself and the proposed Maryland Minimum Wage Class, that Defendant's actions complained of herein constitute a willful violation of Md. Ann. Code LE Art. § 3-413 (minimum wage), because Defendant at all material times failed to pay Plaintiff and the similarly situated work release employees the proper minimum wage rate, free and clear of deductions and in a timely manner.

43. As a result, Plaintiff and the similarly situated work release employees have the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

## COUNT IV
## (MWHL – Failure to Properly Pay Overtime)

44. Plaintiff incorporates paragraphs 1-43 as set forth above, and states on behalf of himself and the proposed Maryland Overtime Wage Class, that Defendant's actions complained of herein constitute a willful violation of Md. Ann. Code LE Art. § 3-415 (overtime), because Defendant at all material times failed to pay Plaintiff and other similarly situated proposed Maryland Overtime Wage class members an overtime wage of 1½ times the applicable minimum wage under the MWHL, for certain statutory work weeks, and as a result, Plaintiff and other similarly situated proposed Maryland Overtime Wage Class Members, did not receive overtime pay, as required by the MWHL, Md. Ann. Code LE Art. § 3-415.

## COUNT V
## (MWPCL – Failure to Pay Earned Wages)

45. Plaintiff incorporates paragraphs 1-44 as set forth above, and states that the actions of Defendant in refusing to pay wages free and clear in proper amounts is a violation of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

46. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wage and overtime wage compensation as applicable under the MWHL.

47. That impliedly, by operation of law, Plaintiff is entitled to be paid statutory minimum wages and overtime wages by Defendant, which have not been paid during the course of Plaintiff's employment with the Defendant.

48. That there are no bona fide disputes between the parties as to the right of the Plaintiff to be paid all lawful wages due arising from his employment. Defendant knew,

or should have known, that it is a covered entity under the MWHL, and that Plaintiff performed work as an employee for which he was not properly compensated.

49. Plaintiff is thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to his wages, i.e., the MWHL-mandated wages that have not been properly paid to Plaintiff.

## Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), and (i) compel Defendant to provide all material contact information, including email addresses, for potential opt-in Plaintiffs who performed work as hourly employees of and for Defendant; (ii) issue appropriate Notices as requested in Plaintiff's Motion for Conditional Certification; (iii) supervise the maintenance of this FLSA collective action; and (iv) supervise and enter appropriate orders allowing this matter to be tried as an FLSA collective action.

(b) Certify the claims under the MWHL and the MWCPL as set forth in Counts III-IV as class actions (Maryland Minimum Wage and Overtime Classes) pursuant to Rule 23 of the Federal Rules of Civil Procedure.

(c) Order Defendant to pay Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation and proposed Maryland

      Unpaid Wages and Maryland Overtime Class Members who fail to opt-out of this litigation), all unpaid wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid wage payments and overtime premiums awarded to Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this FLSA litigation and proposed Maryland Minimum Wage and Maryland Overtime Class Members who fail to opt-out of this litigation), pursuant to the FLSA and MWHL;

(d)     Order Defendants to pay Plaintiff and the proposed Class Members all MWHL-mandated minimum and overtime wage payments determined by the Court to be due and owing to Plaintiff and the proposed Class Members under the MWHL as well as treble damages under the MWPCL;

(e)     Award Plaintiff and proposed Class Members their attorneys' fees and costs in pursuing this action;

(f)     Award Plaintiff and the proposed Class Members interest on any sums determined due and owing from Defendant, including pre-judgment interest on attorneys' fees and costs in pursuing this action; and

(g)     Grant Plaintiff and the proposed Class Members any additional relief that the Court deems appropriate and just.

Respectfully submitted,

/s/ *Howard B.Hoffman*  /s/ *(w/ permission)*
Howard B. Hoffman, Esq. #25965   Bradford W. Warbasse, Esq.
Jordan S. Liew, Esq. # 20509   Bar No.: 07304
HOFFMAN EMPLOYMENT LAW, LLC   401 Washington Avenue
600 Jefferson Plaza, Suite 204   Suite 400
Rockville, MD 20852   Towson, Maryland 21204
(301) 251-3752   (443) 862-0062
(301) 251-3753 (fax)

Attorneys for Plaintiff   Attorneys for Plaintiff

## Jury Demand

The Plaintiff, by his attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman