EXHIBIT 1

## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Michael A. Scott** | * | |
| *On behalf of himself and others similarly situated* | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | | **Case No. 1:21-CV-00034-SAG** |
| | * | |
| **Baltimore County** | * | |
| **Defendant** | * | |

_____/

## DECLARATION OF MICHAEL A. SCOTT

1.  I, Michael A. Scott, am a resident of Maryland, and over the age of eighteen (18) years. This Declaration is based on first-hand knowledge, about which I could and would testify competently in open Court if called upon to do so.

2.  I was incarcerated in the Baltimore County Detention Center (the "Detention Center") from on or about December 5, 2019 to March 12, 2020.  The DOC, at all material times, has supplied work release labor to staff in part the recycling program operated by Department of Public Works, Bureau of Solid Waste ("DPW") at its Materials Recovery Facility ("MRF") in Cockeysville, Maryland.

3.  I performed work on behalf of Defendant Baltimore County at the MRF recycling facility operated by the DPW throughout the time I was incarcerated at the Detention Center from on or about December 5, 2019 to March 12, 2020.

4.  I voluntarily chose to work at the MRF in part because I had prior experience working in salvage and recycling operations.  My labor and that of other workers who were

allowed to work at MRF by the DOC and DPW, had an economic benefit to Defendant and was similar in all respects to the work performed by an employee in a recycling operation.  .

5.      For the entire time that I worked in the recycling program, DOC supplied work detail labor to staff DPW's recycling work facility in Cockeysville, Maryland.  On information and belief, DPW supervised and controlled these workers' work schedules and working conditions. DPW supervisory personnel also had the power to dismiss workers who performed work through work release.

6.      There were generally about twenty (20) workers who performed work through DOC at DPW's MRF.  Due to the significant turnover in the persons incarcerated at the Detention Center, I believe that well over one-hundred different workers have worked the MRF since December, 2019.

7.      For the entire time that I worked in the recycling program, DPW also used temporary employees from a private sector temporary placement agency to perform the exact same work.  The work performed by myself and others through the work detail DOC program was therefore similar in all respect to the work performed by an employee.

8.      Together with other workers, the DOC would transport me to and from the DPW's MRF on each workday.  I was scheduled to work from 6:00 AM to 4:00 PM, including a thirty (30) minute lunch break, five days a week, Monday through Friday.

9.      Based on our normal weekly schedule, the other incarcerated workers, assigned to DPW through DOC, and I generally worked at least 57.5 hours each week, excluding lunch breaks.

10.     I was paid $20.00 per day by the DPW.  DPW never paid overtime compensation to me for statutory workweeks in which I worked more than forty (40) hours per week.  Other incarcerated workers, assigned to DPW through DOC, worked at similar rates of pay to me (*i.e.*,

$20.00 per day). They also were never paid any overtime compensation for statutory workweeks in which they worked more than forty (40) hours per week.

I affirm under the penalties of perjury that the contents of the foregoing Declaration are true and correct based upon my personal knowledge.

04-22-21
Date

Michael A. Scott